1  OSVALDO E. FUMO, ESQ.
   Nevada bar No. 5956
2  PITARO & FUMO, CHTD.
   601 LAS VEGAS BOULEVARD, SOUTH
3  LAS VEGAS, NEVADA 89101
   Phone: 702.474.7554 Fax: 702-474-4210
4  Email: kristine.fumolaw@gmail.com
   Attorney for Defendant
5  LUIS ANTIONIO ORTIZ-MENJIVAR

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
* * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:17-CR-00311-JCM-GWF |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1st AMENDED STIPULATION AND |
| v. | ) | ORDER FOR COMPETENCY |
| | ) | EVALUATION |
| LUIS ANTONIO ORTIZ-MENJIVAR. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

IT IS HEREBY STIPULATED by and between LUIS ANTONIO ORTIZ-MENJIVAR, Defendant, by and through his counsel OSVALDO E. FUMO, ESQ, and the United States of America, DAYLE ELIESON, United States Attorney, and KIMBERLY FRAYN, Assistant United States Attorney, that Defendant be assessed by a Competency Evaluation.

This Stipulation is entered into for the following reasons:

1. Counsel has spoken to the Defendant and he has no objection to a competency evaluation to see if he is fit to stand trial.

2. Counsel and Assistant United States Attorney Kimberly Frayn has agreed that Defendant be sent for a competency evaluation pursuant to 18 U.S.C. §§ 4241 and 4242.

3. Specifically, the parties request that the Court order:

A. In accordance with 18 U.S.C. §§ 4241, 4242 and 4247, the United States Marshal's Service should be ordered to forthwith transport Defendant Luis Antonio Ortiz-Menjivar to a suitable Bureau of Prisons ("BOP") facility that conducts psychological evaluations closest to the court, for psychiatric or psychological evaluation to determine:

    i. whether Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

    ii. whether Defendant suffered from a mental disease or defect rendering him mentally incompetent at the time of the commission of the offenses charged.

B. Defendant should be held in a BOP facility for a reasonable period of time, not to exceed forty-five days, unless extended by further order of the court upon a showing of good cause by the director of the facility that the additional time is necessary to observe and evaluate Defendant, or by appropriate motion, for a period of up to thirty additional days. 18 U.S.C. § 4247(b).

C. The examination conducted should be conducted by one or more licensed or certified psychiatrists or clinical psychologists. 18 U.S.C. § 4247(b).

D. A psychiatric or psychological report should be prepared by the examiner designated to conduct the psychiatric or psychological examination. The person designated to conduct the psychiatric or psychological examination shall file the report, under seal, with the court and provide copies to Kimberly Frayn, Assistant United States Attorney, and to Osvaldo E. Fumo, Esq, counsel for the Defendant. The report should include:

    i. Defendant's history and present symptoms;

ii. a description of the psychiatric, psychological or medical tests that were employed and their results;

iii. the examiner's findings; the examiner's opinions concerning whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense; and

iv. whether Defendant was insane at the time of the offense charged; that is, that at the time of the commission of the acts constituting the offense, whether Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality of the wrongfulness of his acts. 18 U.S.C. §§ 17(a) and 4247(c).

4. The parties agree that the period of time required by the above-described psychiatric or psychological examination of Defendant, and the Court's determination of Defendant's competency to stand trial and his sanity at the time of the offenses charged is excludable time under the United States Constitution, the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), and Rule 5.1 of the Federal Rules of Criminal Procedure.

DATED this 3rd day of August, 2018.

PITARO & FUMO, CHTD.　　　　　　　　UNITED STATES ATTORNEY

/s/　　　　　　　　　　　　　　　　　　/s/
OSVALDO E. FUMO, ESQ.　　　　　　　KIMBERLY FRAYN, ESQ.
601 LAS VEGAS BOULEVARD, SOUTH　ASSISTANT UNITED STATES ATTORNEY
LAS VEGAS, NEVADA 89101　　　　　　501 LAS VEGAS BOULEVARD SOUTH. #1100
ATTORNEY FOR DEFENDANT　　　　　　LAS VEGAS, NEVADA 89101

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
* * *

UNITED STATES OF AMERICA,    )    2:17-CR-00311-JCM-GWF
                             )
            Plaintiff,       )
                             )
v.                           )
                             )
LUIS ANTONIO ORTIZ-MENJIVAR  )
                             )
            Defendant.       )
_____)

# **ORDER**

This matter having come before the court on July 31, 2018 and the court being fully advised in the premises hereby enters the following:

**IT IS ORDERED** that Defendant LUIS ANTONIO ORTIZ-MENJIVAR complete a Competency Evaluation.

**IT IS HEREBY ORDERED** that in accordance with 18 U.S.C. §§ 4241, 4242 and 4247, the United States Marshal's Service shall be ordered to forthwith transport Defendant Luis Antonio Ortiz-Menjivar to a suitable Bureau of Prisons ("BOP") facility that conducts psychological evaluations closest to the court, for psychiatric or psychological evaluation to determine:

    i.    whether Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

    ii.    whether Defendant suffered from a mental disease or defect rendering him mentally incompetent at the time of the commission of the offenses charged.

**IT IS FURTHER ORDERED** that Defendant shall be held in a BOP facility for a reasonable period of time, not to exceed forty-five days, unless extended by further order of the court upon a showing of good cause by the director of the facility that the additional time is necessary to observe and evaluate Defendant, or by appropriate motion, for a period of up to thirty additional days. 18 U.S.C. § 4247(b).

**IT IS FURTHER ORDERED** that the examination conducted shall be conducted by one or more licensed or certified psychiatrists or clinical psychologists. 18 U.S.C. § 4247(b).

**IT IS FURTHER ORDERED** that a psychiatric or psychological report shall be prepared by the examiner designated to conduct the psychiatric or psychological examination. The person designated to conduct the psychiatric or psychological examination shall file the report, under seal, with the court and provide copies to Kimberly Frayn, Assistant United States Attorney, and to Osvaldo E. Fumo, Esq, counsel for the Defendant. The report should include:

i. Defendant's history and present symptoms;

ii. a description of the psychiatric, psychological or medical tests that were employed and their results;

iii. the examiner's findings; the examiner's opinions concerning whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense; and

iv. whether Defendant was insane at the time of the offense charged; that is, that at the time of the commission of the acts constituting the offense, whether Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality of the wrongfulness of his acts. 18 U.S.C. §§ 17(a) and 4247(c).

**IT IS FURTHER ORDERED** that the period of time required by the above-described psychiatric or psychological examination of Defendant, and the Court's determination of Defendant's competency to stand trial and his sanity at the time of the offenses charged is excludable time under the United States Constitution, the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), and Rule 5.1 of the Federal Rules of Criminal Procedure.

DATED October 11, 2018.

*[signature: James C. Mahan]*
U.S. DISTRICT JUDGE